United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL B GOLDBERG,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CAMERON, et al.,<br><br>Defendants. | Case No. 5:15-cv-02556-RMW<br><br>**ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 8, 14, 19 |

Plaintiff Neil Goldberg filed a complaint in Alameda County Superior Court against defendants James Cameron and Gale Ann Hurd, alleging claims for copyright infringement and breach of implied contract. Dkt. No. 1. Defendants removed the case to this court. *Id.* Plaintiff then filed a motion for remand, arguing that an as-yet-unserved amended complaint removed the federal copyright infringement claim. Dkt. No. 19. Defendants move to dismiss the complaint on res judicata grounds. Dkt. Nos. 8 (Hurd), 14 (Cameron). The court held a hearing on both motions on August 28, 2015, and the parties provided supplemental briefing. Dkt Nos. 39, 40. For the reasons explained below, the court DENIES the motion to remand and GRANTS the motion to dismiss.

**I.   BACKGROUND**

This is plaintiff's third lawsuit against defendants. Broadly, plaintiff alleges that

1

ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS
Case No. 15-CV-02556-RMW
RS

defendants used plaintiff's literary and musical materials to develop the ideas behind the *Terminator* franchise.[1]

### A. First Action: Case No. 5-CV-03534-RMW

On August 31, 2005 plaintiff filed his first action against Hurd and Cameron. Case No. 5-CV-03534-RMW. Goldberg alleged that Hurd and Cameron used Goldberg's copyrighted works "Long Live Music" or "Music Warrior" to develop the *Terminator* franchise. Goldberg asserted nine claims: copyright infringement, conversion, breach of implied contract, unfair competition, an accounting, declaratory relief, preliminary and permanent injunctions, a receivership, and negligence. Goldberg filed a First Amended Complaint, and defendants moved to dismiss. The court dismissed the conversion and unfair competition claims, dismissed in part the copyright infringement and breach of implied contract claims, and gave Goldberg leave to amend. Hurd then filed a motion to dismiss the remainder of Goldberg's implied contract and negligence claims, which was granted. The court then considered summary judgment motions, dismissed Goldberg's copyright infringement claim, and gave Goldberg leave to amend to state a contributory copyright infringement claim against Hurd. Finally, after Goldberg filed a Third Amended Complaint, the court granted Hurd summary judgment on the contributory copyright infringement claim. The court then entered final judgment. Goldberg appealed. On May 7, 2012, the Ninth Circuit dismissed the appeal with prejudice for failure to prosecute. Case No. 11-15983.

### B. Second Action: Case No. 13-CV-02493-RMW

On June 3, 2013 plaintiff filed a complaint against Hurd and Cameron seeking relief from judgment in the first action, and asserting substantially similar claims as before. The case was originally assigned to Magistrate Judge Corley, who sua sponte issued a request for related case determination under Civil Local Rule 3-12. The undersigned found the cases were related, and ordered the second action transferred. On February 12, 2014, the second action was dismissed for

---

[1] The parties request judicial notice of various filings in state and federal court related to this case. The court GRANTS the unopposed requests for judicial notice. *Wheeler v. City of Oakland*, No. 05–0647–SBA, 2006 WL 1140992, at *5 (N.D. Cal. Apr. 28, 2006).

2
ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS
Case No. 15-CV-02556-RMW
RS

failure to prosecute.

### C. Third Action: Case No. 15-CV-2556-RMW

On June 19, 2014, plaintiff filed the third, and instant, action in the Alameda County Superior Court. Dkt. No. 1. Goldberg served Hurd and Cameron with the complaint in May 2015. The complaint asserts claims for copyright infringement and breach of implied contract. The complaint contains allegations that are materially the same as the allegations in the Second Amended Complaint filed in the first action. *See* Dkt. No. 10-1 (redline comparison of instant complaint to Second Amended Complaint in the first action). The only new allegations in the complaint in the third action are:

> Last Act of the Conspiracy: On or about May, 2014 plaintiff Goldberg learned for the first time that defendants, and each of them acted together to alter the television version of the Terminator 4/Terminator Salvation so as to conceal Critical original screenplay and soundtrack elements initially stolen from plaintiff. Prior to that time, said defendants had become aware that plaintiff claimed those critical screenplay elements as his own. In fact, known to each and every defendant was that the removed part(s) were a thumbprint of plaintiff's original protected works. In essence, what defendants had done by their collective and knowing conduct was resurrect all statutes of limitations by creating (another) act in the conspiracy against plaintiff Goldberg to steal his works of protected act:
> The excised work then played on national television in, inter alia, the County of Alameda.

Dkt. No. 1 ¶ 18.

Hurd and Cameron removed the case to this district, and the case was transferred to the undersigned under Civil Local Rule 3-12. Hurd and Cameron move to dismiss the case on res judicata grounds. Dkt. Nos. 8, 14. Goldberg moves to remand the case to the Superior Court. Dkt. No. 19.

## II. MOTION TO REMAND

A defendant may remove to federal court those civil actions filed in state court which could have been filed in federal court in the first instance. 28 U.S.C § 1441. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

3
ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS
Case No. 15-CV-02556-RMW
RS

of the United States." 28 U.S.C. § 1331.[2] A case "aris[es] under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27–28 (1983).

There is no dispute that plaintiff's original complaint pleads a federal cause of action, copyright infringement, over which this court has jurisdiction. *See* 28 U.S.C. § 1338(a). Plaintiff's first amended complaint, however, only asserts a state law breach of implied contract claim. Goldberg asserts that on May 21, 2015, he filed in state court a request for partial dismissal that dismissed all federal claims from his original complaint. Dkt. No. 19 at 3. Goldberg asserts that the state court entered the partial dismissal the same day. On May 22, 2015, plaintiff filed the first amended complaint in state court. Dkt. No. 20-4. Goldberg never served defendants with the request for dismissal or the first amended complaint. Defendants timely filed a notice of removal on June 9, 2015.

Goldberg argues that removal was improper because the amended complaint contains no federal cause of action. Dkt. Nos. 19, 40. Defendants argue that because the amended complaint and notice of dismissal were not served, the original complaint is still the operative complaint. Dkt. Nos. 25, 39.

This order agrees with Defendants. Because the amended complaint and notice of entry of the dismissal were not served by the time defendants filed the notice of removal, the original complaint was the operative complaint in the case. "A party that requests dismissal of an action *must serve on all parties* and file notice of entry of the dismissal." Cal. Rules of Court 3.1390 (emphasis added). *See also* Cal. Code Civ. Proc. § 472. A pleading may be amended once by filing "*and serving a copy on the adverse party.*" *Id.* (emphasis added). Here, because Goldberg did not serve the amended complaint, the original complaint controls.

---

[2] Diversity jurisdiction is not at issue.

1   Without disputing his failure to comply[3] with the requirement to serve the amended
2   pleading on defendants, Goldberg argues that the amended complaint controls. First, Goldberg
3   argues that under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such [a
4   removed] action prior to its removal shall remain in full force and effect until dissolved or
5   modified by the district court." Goldberg presents no reason why his *unserved* amended
6   complaint or notice of dismissal constitute "injunctions, orders, [or] other proceedings" that were
7   in effect at the time of removal. Second, Goldberg cites *Jenkins v. Commonwealth Land Title* for
8   the proposition that "[w]hen a case is removed the federal court takes it as though everything done
9   in the state court had in fact been done in the federal court." Dkt. No. 40 at 2 (quoting *Jenkins v.*
10  *Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996)). *Jenkins* is readily
11  distinguishable from the case at bar, as *Jenkins* merely held that it was not an abuse of discretion
12  for the district court to treat a request for additional time filed in state court as if it had been timely
13  filed in federal court. *Id.* *Jenkins* did not address the effect of filings not served on an adverse
14  party.

15  The approach of requiring a plaintiff to serve an amended pleading before it becomes
16  operative is consistent with the Ninth Circuit's refusal to create a duty for defendants to
17  investigate jurisdictional facts that are not recited in an initial pleading. *See Harris v. Bankers Life*
18  *and Cas. Co.*, 425 F.2d 689, 694 (9th Cir. 2005) (rejecting argument that removal was untimely
19  because "notice of removability under § 1446(b) is determined through examination of the four
20  corners of the applicable pleadings, not through subjective knowledge or a duty to make further
21  inquiry"). Requiring defendants to respond to Goldberg's unserved filings would be both
22  impractical and unfair.

23  Furthermore, "jurisdiction must be analyzed on the basis of the pleadings filed at the time
24  of removal without reference to subsequent amendments. Because of this rule, a plaintiff may not

---

[3] Goldberg's untimely-filed reply brief (Dkt. No. 29) and his supplemental brief in support of remand (Dkt. No. 40) do not dispute that Goldberg's notice of dismissal and amended complaint were never served on Defendants.

5
ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS
Case No. 15-CV-02556-RMW
RS

compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted).  Thus, even if Goldberg now served the defendants with the amended complaint, the court would still have supplemental jurisdiction over the case under 28 U.S.C. § 1367(c).[4]

As the operative (original) complaint included a federal cause of action, removal was proper and Goldberg's motion to remand is DENIED.[5]

### III.  MOTIONS TO DISMISS

Res judicata precludes claims and "bars litigation in subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997).  "The doctrine of res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties."  *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). Defendants argue that each of the three elements are met and the case should be dismissed.  Dkt. Nos. 9, 14.

Goldberg filed an opposition on August 25, 2015, Dkt. No. 30, a month after the due date for opposition and only three days before the hearing on defendants' motions.  The timing of Goldberg's opposition did not provide a meaningful opportunity for defendants to reply, and the court does not consider the opposition in ruling on defendants' motions.[6]

---

[4] While the court would have discretion to remand the state law claim, the court finds that in this case, retaining jurisdiction "will best accommodate the values of economy, convenience, fairness, and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (finding no abuse of discretion for district court to retain jurisdiction after federal causes of action were dismissed).

[5] Because this order finds that the original complaint is the operative complaint, it does not reach the issue of whether Goldberg's state law claim is, in substance, a copyright claim that would confer federal jurisdiction.

[6] Even if Goldberg's opposition had been timely filed, it would not affect the outcome.  The opposition asserts that "[t]his is a state cause of action case based on new facts as stated in both the original Complaint and First Amended Complaint" but provides no supporting reasoning.  The three-sentence opposition provides no analysis addressing defendants' arguments.

6
ORDER DENYING MOTION FOR REMAND AND GRANTING MOTIONS TO DISMISS
Case No. 15-CV-02556-RMW
RS

### A. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th. Cir. 1982)).

Here, Goldberg's claims in the current complaint were brought in the first and second actions and arise from the same common nucleus of facts set forth in both of those cases. The claims all stem from Goldberg's submission of his works "Long Live Music" or "Music Warrior" to New World Pictures. Compl. ¶ 7. The new allegation in the current complaint, that "on or about May, 2014" the defendants "acted together to alter the television version of the Terminator 4/Terminator Salvation so as to conceal Critical original screenplay and soundtrack elements initially stolen from plaintiff," *id.* at ¶ 18, does not change the underlying "nucleus of facts" giving rise to plaintiff's claim. *See also* Dkt. No. 12-1 (redline comparison of Second Amended Complaint in the first action to current complaint). If anything, the new allegation is relevant to the statute of limitations, but does not add anything to the underlying claims of copyright infringement or breach of implied contract. Both of those claims were asserted in the first action, and were litigated through motions for summary judgment.

The court finds that all of Goldberg's claims in the operative complaint are based on the same transactional nucleus of facts as the prior actions. Thus, there is an identity of claims for the purposes of res judicata.

### B.     Final Judgment on the Merits

Both a dismissal with prejudice and a ruling on summary judgment constitute final judgments on the merits for claim preclusion purposes. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" (citations omitted)); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (summary judgment is a final judgment on the merits, citing Fed. R. Civ. P. 56(c)).

1  In this case, the court dismissed with prejudice the breach of implied contract claim on July 6, 2007, and granted the motion for summary judgment on the copyright infringement claim on July 10, 2009. Case No. 5-CV-03534-RMW, Dkt. Nos. 51, 127. The court entered final judgment on April 6, 2011. Case No. 5-CV-03534-RMW, Dkt. No. 215. The Ninth Circuit dismissed Goldberg's appeal with prejudice on May 7, 2012. Case No. 11-15983, Dkt. No. 38.

The dismissal and grant of summary judgment on Goldberg's prior claims in the first action were not based on lack of jurisdiction, improper venue, or failure to join a party. Therefore, the court finds that these rulings operate as adjudications on the merits for the purposes of res judicata.

### C. Identity or Privity Between Parties

Res judicata requires that the parties be identical or in privity. *See Western Radio. Servs. Co.,* 123 F.3d at 1192. Here, Hurd and Cameron are identical because they were named in Goldberg's prior suits.

### D. Conclusion

Because the court finds the three required elements of res judicata satisfied and because Goldberg did not oppose the motion, defendants' motions to dismiss Goldberg's complaint are GRANTED. The court does not reach the statute of limitations issues.

## IV. ORDER

For the reasons explained above, the court DENIES the motion to remand and GRANTS the motions to dismiss.

**IT IS SO ORDERED.**

Dated: September 11, 2015

_____
Ronald M. Whyte
United States District Judge